IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HEATHER RICHARDSON, Individually and as Representative of the Estate of LINDSEY DENISE BOLDON,<br><br>*Plaintiff,*<br><br>vs.<br><br>BOMBARDIER RECREATIONAL PRODUCTS, INC.,<br><br>*Defendant.* | Case Number: 3:21-cv-2243<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, HEATHER RICHARDSON, Individually and as Representative of the Estate of LINDSEY DENISE BOLDON, and files her Original Complaint against Defendant, BOMBARDIER RECREATIONAL PRODUCTS, INC. ("Defendant"). In support thereof, Plaintiff would respectfully show the Court as follows:

**I.**
**PARTIES**

1.1   Plaintiff, Heather Richardson, is a citizen and resident of Cedar Hill, Texas. Plaintiff brings this claim, Individually and as Representative of the Estate of Lindsey Denise Boldon, for wrongful death and survival damages as a result of the Subject Incident.

1.2   Defendant, Bombardier Recreational Products, Inc., is the manufacturer of the fuel tank in the motorcycle involved in the Subject Incident. Bombadier Recreational Products, Inc. is a foreign corporation organized under the laws of Canada, doing business, engaging in business and transacting business in the United States, and specifically in the State of Texas. Bombadier Recreational Products, Inc. conducts business in the State of

Texas, engages in continuous and systematic contacts with the State of Texas, and derives substantial economic profits from the State of Texas. Bombadier Recreational Products, Inc. may be served with process in this case, pursuant to the Hague Convention by service upon the Quebec Central Authority, who will then serve Bombadier Recreational Products, Inc. at its address located at 726 Rue St Joseph, Valcourt, QC J0E 2L0, Canada.

## II.
## JURISDICTION

2.1     The Court has diversity jurisdiction over this civil action, pursuant to 28 U.S.C. § 1332(a)(2), because it is an action between a citizen of a State and a citizen of a foreign state, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2.2     The Court has general personal jurisdiction over Defendant because Defendant maintains continuous and systematic contacts with the State of Texas. Indeed, Defendant's products are on the roads of Texas. Defendant's operations in Texas are so substantial and are of such a nature that they are sufficient to render Defendant "at home" in Texas. To that end, Defendant or affiliated entities solicit sales in Texas and continuously holds itself out as conducting business in Texas through advertisements and/or sales. Defendant's continuous and systematic activities in Texas also include maintaining an inventory in sports vehicle dealerships in Texas and directly importing, marketing, and selling products to the citizens of Texas annually.

2.3     Alternatively and/or additionally, the Court has specific personal jurisdiction over Defendant because Defendant has purposefully directed its activities toward the State of Texas, has purposefully availed itself of the privileges and benefits of conducting business in the State of Texas, and this lawsuit arises foreseeably from those purposeful activities. As noted, Defendant maintains an inventory of its products in

sports vehicle dealerships in Texas and directly imports and sells thousands of products to the citizens of Texas annually or consummates those sales after its products have foreseeably arrived in Texas, through the stream of commerce with the expectation that the products will be purchased by the citizens of Texas; Further, Defendant's contacts with the State of Texas are related to the claims at issue in this lawsuit. Specifically, Defendant originally sold the vehicle in question in Texas to its original purchaser; as such, Defendant has sought a benefit, advantage, or profit by virtue of its activities in the State of Texas, and more particularly with respect to the vehicle in question in this lawsuit. Further, Defendant committed a tort, in whole or in part, in Texas and Plaintiff's claims in this lawsuit arise directly out of or result from the Defendant's activities in the State of Texas - specifically, the importing and sale of the vehicle that failed and caused Plaintiff's injuries. This action, in turn, arises out of the foreseeable consequence of selling a defective vehicle in Texas and to Texas citizens for use on the roadways of Texas, and the direct, causal link between the failure of that defective vehicle resulting from Defendant's tortious conduct and the injuries sustained by Plaintiff in the accident caused by that failure. As such, Defendant should reasonably anticipate being haled into court in Texas.

2.4   Whether the exercise of personal jurisdiction is based upon a general or specific jurisdictional theory, Defendant is not being haled into court as the result of random or fortuitous conduct, or as the result of the unilateral activity of any other person or third person. Rather, Defendant is being haled into court in the State of Texas as a direct result of its efforts to avail itself of the benefits and privileges of conducting business in the State of Texas, via its sale of the vehicle in question in the State of Texas, and as a direct result of its own conduct in selling a defective vehicle in the State of Texas,

where that vehicle foreseeably caused injury as a proximate result of the defects in the vehicle.

2.5     Under either a general or specific jurisdictional theory, the exercise of personal jurisdiction over Defendant within the State of Texas does not offend traditional notions of fair play and substantial justice or any other requirement of due process.

## III.
### VENUE

3.1     Venue in this case is proper in the Northern District of Texas, pursuant to 28 U.S.C. § 1391(b)(2) because the Northern District of Texas, Dallas Division is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## IV.
### FACTUAL BACKGROUND

4.1     On June 8, 2020 at roughly 7:10 p.m., decedent, Lindsey Denise Boldon, was driving the subject Can Am Ryker motorcycle with her boyfriend, Dennis Mykel Pearson, as the passenger. Mr. Pearson was the owner of the subject Can Am Ryker. He purchased the subject vehicle at Texas Adventure Power Sports in Richardson, Texas in approximately October 2019.

4.2     Ms. Boldon and Mr. Pearson were traveling south on High Valley Lane enjoying a Summer evening ride. As the Can Am Ryker approached the 1600 block of High Valley Lane, Ms. Boldon lost control of the vehicle.

4.3     The Can Am Ryker departed the roadway and struck the driveway culvert of 1609 High Valley Lane. Upon impact, the Can Am Ryker burst into flames. As a result of the Subject Incident, Plaintiff was transported by air to Parkland Hospital in critical

condition. After treatment for her significant burn injuries, Lindsey Denise Boldon eventually died.

## V.
## CAUSE OF ACTION AGAINST DEFENDANT BOMBARDIER RECREATIONAL PRODUCTS, INC.

5.1    At the time the subject 2019 Black Can Am Ryker was designed, manufactured and sold by Bombardier Recreational Products, Inc., it was defective in design and unreasonably dangerous with regard to the vehicle's fuel tank. The defects regarding the Can Am Ryker at issue include, but are not limited to, the design of the two symmetrical plastic halves of the fuel tank. The plastic superstructure bowed outward and broke away in the subject collision causing the fuel tank to release from its mounting. Further, there are substantial weaknesses in the filler neck and fuel rail of the subject fuel tank system of the Can Am Ryker.

5.2    Additionally, both prior to, and while, designing and developing the Cam Am Ryker in question, Bombardier Recreational Products, Inc. knew or should have known that in foreseeable collision events, the fuel system of its vehicles would, in reasonable probability, result in injuries to operators and/or occupants when involved in such a foreseeable crash event.

5.3    The defective and unreasonably dangerous condition of the vehicle and/or fuel system was a proximate cause of the death of Lindsey Denise Boldon, and of the damages suffered by Plaintiff.

5.4    Moreover, a safer alternative design existed at the time the product was manufactured. Specifically, Bombardier Recreational Products, Inc. could have incorporated a reinforced fuel tank, which would hold it in place during a collision, preventing the tank from moving outside the design location, a relocation of the fuel tank,

a fuel system design with closures, a filler cap and/or a fill location housed within the tank to avoid leakage during a foreseeable collision event.

5.5     These safer alternative designs would have prevented or significantly reduced the risk of Plaintiff's injuries and death and Plaintiff's damages without substantially impairing the product's utility.

5.6     Furthermore, the safer alternative design was economically and technologically feasible at the time the product left the control of Bombardier Recreational Products, Inc. by the application of existing or reasonably achievable scientific knowledge.

5.7     At the time of the accident, the vehicle was in substantially the same condition as it was at the time it was placed into the stream of commerce. No material alterations were made to the vehicle. At the time of the accident, the vehicle was in the same or substantially similar condition as when it left the control of Bombardier Recreational Products, Inc.

## VI.
### WRONGFUL DEATH DAMAGES

6.1     As a proximate cause of Defendants' acts and omissions as described above, Plaintiff is entitled to recover the following wrongful death damages:

  a. Plaintiff's pecuniary loss from the death of Lindsey Denise Boldon, including loss of care, maintenance, support, services, advice, counsel and contributions of pecuniary value that she would, in all reasonable probability, have received from Lindsey Denise Boldon during her lifetime;

  b. The mental anguish, grief and sorrow Plaintiff suffered in the past and will continue to suffer in the future as a result of Lindsey Denise Boldon's death;

    c. Plaintiff's loss of society and damage to the mother daughter relationship as a result of Lindsey Denise Boldon's death, including the right to love, affection, solace, comfort, companionship, society, emotional support and happiness; and

    d. Plaintiff's loss of inheritance from Lindsey Denise Boldon who, in reasonable probability, would have added to the estate had she died a natural death.

### SURVIVAL DAMAGES TO THE ESTATE OF LINDSEY DENISE BOLDON

6.2    As a proximate cause of Defendants' acts and omissions as described above, the Estate of Lindsey Denise Boldon is entitled to recover the following survival damages:

    a. The physical, conscious pain and suffering Lindsey Denise Boldon suffered prior to her death as a result of her injuries caused by Defendant;

    b. The mental anguish Lindsey Denise Boldon suffered prior to her death as a result of the injuries sustained;

    c. The amount of reasonable medical expenses necessarily incurred as a result of Defendant's negligence;

    d. The disfigurement Lindsey Denise Boldon suffered prior to her death as a result of the injuries sustained;

    e. The funeral and burial expenses incurred as a result of Lindsey Denise Boldon's death;

    f. The physical incapacity and impairment suffered by Lindsey Denise Boldon until her death; and,

    g. The reasonable amount of past wages from the date of Lindsey Denise Boldon's death to present and the loss of future income reasonably expected during Lindsey Denise Boldon's lifetime.

## VII.
### EXEMPLARY DAMAGES

7.1   Defendant's conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Furthermore, Defendant's conduct illustrates not only an attitude of conscious indifference for the rights, safety and welfare of others, but also shows Defendant's actual and subjective awareness of the dangers of such conduct.

7.2   Nevertheless, Defendant proceeded with a conscious indifference to the rights, safety or welfare of others, including Plaintiff. Therefore, Defendant is liable for exemplary/punitive damages.

7.3   Specifically, Defendant knew its motorcycle had a faulty fuel tank, but continued to market and sell the motorcycles without adequately warning consumers of the strong likelihood of death and serious injury associated with the defect, including Lindsey Denise Boldon.

## VIII.
### PRE-JUDGMENT AND POST-JUDGMENT INTEREST

8.1   Plaintiff seeks pre-judgment and post-judgment interest at the highest rate allowed by law.

## IX.
### JURY DEMAND

9.1   Plaintiff is entitled to and requests a trial by jury on all counts alleged herein.

## X.
### PRAYER

10.1   WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Bombardier Recreational Products, Inc. be cited to appear and answer herein, that this cause be set for

trial before a jury, and that Plaintiff recover judgment of and from Defendant Bombardier Recreational Products, Inc. for her actual damages, in such an amount as the evidence shows and the jury determines to be proper, together with prejudgment interest and post-judgment interest, cost of suit, and such other and further relief to which Plaintiff may show herself to be justly entitled, whether at law or in equity.

DATED this 21st day of September 2021.

Respectfully Submitted,

Watts Guerra LLP
4 Dominion Drive
Building 3 – Suite 100
San Antonio, Texas 78257
Telephone: 210.447.0500
Fax: 210.447.0501

By: _/s/ Shalimar S. Wallis_
FRANCISCO GUERRA, IV
Texas State Bar No. 00796684
Email: fguerra@wattsguerra.com
SHALIMAR S. WALLIS
Texas State Bar No. 24033191
Email: swallis@wattsguerra.com

ATTORNEYS FOR PLAINTIFF